UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GYASI HARGETT, INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF DAPHNE HARGETT,<br>　　　　Plaintiff, | * <br> * | CIVIL ACTION <br><br> NO. |
| | * | |
| VERSUS | | |
| | * | |
| GEOVERA SPECIALTY INSURANCE COMPANY,<br>　　　　Defendant. | * | |

\*　　\*　　\*　　\*　　\*　　\*　　\*

**NOTICE OF REMOVAL**

Defendant GeoVera Specialty Insurance Company ("GeoVera") files this Notice of Removal of the instant proceeding from Civil District Court for the Parish of St. Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

1.

This civil action was filed in the Civil District Court for the Parish of Orleans, State of Louisiana, on February 14, 2022, which is pending on that court's docket as "*Gyasi Hargett, Individually and on Behalf of The Estate of Daphne Hargett v. GeoVera Specialty Insurance Company*, No. 2022-4111 "N."  A copy of plaintiff's Petition for Damages, plaintiff's Request for Notice, plaintiff's Verification, Notice of Service by the Louisiana Secretary of State to GeoVera, the Citation, and the Policy Renewal Declarations, which were mailed to GeoVera by the Louisiana Secretary of State, are attached as Exhibit 1.

2.

According to the Citation, GeoVera, through the Louisiana Secretary of State, was served on July 8, 2022. Therefore, this Notice of Removal is timely under the provisions of 28 U.S.C. § 1446.

3.

Plaintiff is being provided with written notice of the filing of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of Court for Civil District Court for the Parish of Orleans, State of Louisiana.

4.

At all times pertinent hereto, plaintiff was and is a Louisiana resident, domiciled in Louisiana.

5.

At all times pertinent hereto, defendant GeoVera was and is a Delaware insurance company, with its principal place of business located in California.

6.

Plaintiff has alleged that GeoVera, who issued an insurance policy to plaintiff's deceased mother insuring property located New Orleans, Louisiana, failed to fully and timely compensate plaintiff for the damages to the property resulting from Hurricane Ida. Plaintiff has alleged that he has suffered the following damages: pain and anguish; loss of funds; loss of indemnification benefits entitled to him; loss of the interest that would have incurred to his benefit but for GeoVera's breach; additional damages; diminution of value to his home due to GeoVera's failure to timely compensate him; and loss of the investment opportunities that he would have had but-for GeoVera's breach.

7.

The Limits of Liability in GeoVera's insurance policy issued to Daphne Hargett (*see* Exhibit 1) are as follows: Dwelling - $173,000; Other Structures - $25,950; Personal Property - $86,500; and Loss of Use - $34,600. Therefore, on information and belief, plaintiffs are seeking damages in excess of $75,000.

8.

This civil action is a matter over which this court has original jurisdiction by virtue of 28 U.S.C. § 1332 and which may be removed to this court by virtue of 28 U.S.C. § 1441 because on information and belief, plaintiffs' claims involve an amount in controversy exceeding the sum of $75,000, exclusive of interest and costs, and are between citizens of different states.

9.

Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**WHEREFORE**, defendant GeoVera Specialty Insurance Company respectfully requests that this court remove this action from Civil District Court for the Parish of Orleans, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

LOWE, STEIN, HOFFMAN,
 ALLWEISS & HAUVER, L.L.P.


 /s/ Max J. Cohen
MAX J. COHEN, T.A. (17515)
MELANIE C. LOCKETT (30601)
701 Poydras Street, Suite 3600
New Orleans, Louisiana 70139-7735
(504) 581-2450
(504) 581-2461 (Fax)
mcohen@lowestein.com
mlockett@lowestein.com
Attorneys for GeoVera Specialty Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record to this proceeding accepting service electronically via the CM/ECF or by hand delivery, fax, Federal Express, or U.S. Mail, postage prepaid and properly addressed to those who are not, on this 21st day of July, 2022.

 /s/ Max J. Cohen
MAX J. COHEN